# STATE OF VERMONT

SUPERIOR COURT                                           ENVIRONMENTAL DIVISION
                                                         Docket No. 169-12-16 Vtec

---

| Diverging Diamond Interchange A250 |
|---|

## ENTRY REGARDING POST-JUDGMENT MOTION

Count 1, Act 250 District Commission Decision (169-12-16 Vtec)
Count 2, Act 250 District Commission Decision (169-12-16 Vtec)

Title:          Motion to Clarify and/or Alter (Motion 27)
Filer:          Natural Resources Board
Attorney:       Evan P. Meenan
Filed Date:     March 31, 2020

No response filed

**The motion is GRANTED.**

On March 20, 2020, following a remand from the Vermont Supreme Court, this Court issued a Merits Decision and Judgment Order granting the Vermont Agency of Transportation's (VTrans') application for an Act 250 permit to construct a Diverging Diamond Interchange and other roadway improvements near I-89 Exit 16 in Colchester, Vermont (the Project). See In re Diverging Diamond Interchange A250, No. 169-12-16 Vtec (Vt. Super. Ct. Envtl. Div. Mar. 20, 2020) (Walsh, J.). The decision concludes that the Project complies with Criterion 1. Id. Presently before the Court is a post-judgment motion by the Vermont Natural Resources Board (NRB) to clarify certain language in that decision.

The NRB moves to alter or clarify the decision pursuant to V.R.C.P. 59(e). No responses were filed. There are four principal reasons for granting a Rule 59(e) motion: "(1) to correct manifest errors of law or fact upon which the judgment is based; (2) to allow a moving party to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) to respond to an intervening change in the controlling law." Old Lantern Non-Conforming Use, No. 154-12-15 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Sep. 13, 2017) (Durkin, J.) (quotations omitted). This Court has "considerable discretion in deciding whether to grant such a motion to amend or alter." In re Green Mountain Power Corp., 2012 VT 89, ¶ 50, 192 Vt. 429 (quoting In re SP Land Co., 2011 VT 104, ¶ 16, 190 Vt. 418).

In this case the NRB does not seek an alteration of the judgment. Rather, the motion asks us to clarify our discussion of presumptive permits and their effects within the Act 250 review process. See In re Diverging Diamond Interchange A250, No. 169-12-16 Vtec, at 22–23 & n.3 (Mar. 20, 2020). The discussion did not form the basis for the judgment; adding further explanation will not change the Court's conclusion. See id. at 23 ("[B]ecause . . . the Project

1

complies with Criterion 1 even without the benefit of a presumption, we . . . proceed to the merits and discuss the evidence in detail."). Upon further review, we agree with the NRB that the language at issue is imprecise at best. While there is no need for substantive changes to the decision, the interest in promoting clear and consistent guidance to all litigants weighs in favor of clarifying our discussion of presumptive permits. We therefore **GRANT** the NRB's motion. An Amended Merits Decision and an Amended Judgment Order will follow.

So ordered.

Electronically signed on April 16, 2020 at 11:45 AM pursuant to V.R.E.F. 7(d).

_Tom Walsh_
_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Jon T. Anderson (ERN 1856), Attorney for Appellant R.L. Vallee, Inc.
David L. Grayck (ERN 4510), Attorney for Additional Appellant Timberlake Associates, LLP
Alexander J. LaRosa (ERN 5814), Attorney for party 2 Co-counsel
Justin E. Kolber (ERN 4303), Attorney for Interested Person SOV AOT
Hannah W. Smith (ERN 6759), Attorney for Interested Person Agency of Natural Resources
Mark G. Hall (ERN 2537), Attorney for Intervenor Costco Wholesale Corp.
Jenny Ronis (ERN 9185), Attorney for party 7 Co-counsel
Kane H. Smart (ERN 4770), Attorney for party 9 Co-counsel
Evan P. Meenan (ERN 1632), Attorney for Interested Person Natural Resources Board
Claudine C. Safar (ERN 3985), Attorney for For Informational Purposes Only Town of Colchester